EASTERN CROWN REALTY CO. v. ISAACS.

(Supreme Court, Appellate Term. November 10, 1905.)

VENDOR AND PURCHASER—PAYMENT OF PURCHASE MONEY—DEFERRED PAYMENTS
—RIGHT TO RECEIVE.

Where the attorney for a purchaser of real estate retained a sum of money out of the purchase price and gave a receipt therefor, which included an agreement to hold it as a deposit until certain violations filed by the tenement house department had been removed, the vendor, on removing such violations, was entitled to have the deposit paid to him.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 373.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Eastern Crown Realty Company against Edward A. Isaacs. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Simon Rasch, for appellant.
Edward A. Isaacs, pro se.

SCOTT, P. J. I can find nothing in the case to justify the judgment for the defendant. On a sale of real estate the defendant, attorney for the purchaser, retained $50, and gave a receipt therefor, which included an agreement to hold it as a deposit until certain violations filed by the tenement house department had been removed. They were removed through the efforts of plaintiff, and the deposit accordingly be-

came payable to plaintiff. The defendant now seeks to justify his retention of the money by saying that the deposit was really left to cover certain repairs which plaintiff agreed to make. He says that this agreement was made before he drew the receipt. Such a story taxes the credulity beyond reason. To believe that the defendant, himself a lawyer, should retain a portion of the purchase price to cover repairs, and yet sign a paper reciting that it was to be held until certain specified violations had been removed, involves a reflection upon his intelligence that we find ourselves unable to indulge in, especially in view of his refusal to testify whether the contract of sale called for repairs or contained any clause with reference to the condition of the building. It is easier to believe that the defense is a mere afterthought.

In my opinion the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.